07-195 m

**AO 432** (Rev. 2/84)

**Administrative Office of the United States Courts**

## WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | | PAGE NUMBER |
|---|---|---|---|---|---|---|
| 10/22/07 | 07-195m | Golden | | | | 1 |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| W.P.O.O. Steven Parrott | 10:07am | 10:16am | 10:21am | — | Stark |

FILED
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | Yes |


GOVERNMENT EXHIBIT
Crim. Comp.

**In United States District Court**
**For the District of Delaware**

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Complaint |
| v. | CASE NUMBER: 07-194M |
| Charles Warren, Defendant | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 11, 2007 in the District of Delaware, Defendant Charles Warren did knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title 18 United States Code, Section(s) __922(g)(1) and 924(a)(2);__ and
2) possess with intent to distribute Cocaine Base,
in violation of Title 21 United States Code, Section(s) __841(a)(1) and (b)(1)(C);__ and

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Patrick W. Fyock Special Agent, ATF

Sworn to before me and subscribed in my presence,

October 11, 2007                    at    Wilmington, DE
Date                                       City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer            Signature of Judicial Officer

### AFFIDAVIT OF PATRICK FYOCK

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms Identification and Firearms Nomenclature Classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses. Your affiant also has received training on drug investigations and drug trafficking characteristics during my time as a New Castle County Police Officer, including but not limited to a DEA 40 hour drug investigator class. Your affiant has participated in approximately 6-8 drug investigations resulting in drug seizures and convictions since joining ATF. Your affiant has contact with DEA agents, and state and local drug investigators on a regular basis and possesses a working knowledge of the drug trends for this area.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with Officer Parrott, a Wilmington Police Officer assisting ATF and who learned his information from either the Wilmington Police or State of Delaware Probation Officer with personal knowledge of the events.

3. The seizure of all of the below listed evidence occurred on 10/11/07, in the City of Wilmington, State and District of Delaware, as stated to me by Officer Parrott who talked to the Wilmington Police or State of Delaware Probation Officer with personal knowledge of seizure of the below listed items. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of the seizure of the below-mentioned firearm from Defendant Charles Warren's right front pants pocket in Wilmington, Delaware on October 11, 2007.

4. Your affiant reviewed the computer criminal history information for the Defendant Charles Warren from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that, prior to October 11, 2007, the defendant has felony convictions for trafficking cocaine and for possession of a narcotic schedule 1 controlled substance (heroin) within 1,000 feet of a school in the

1

Superior Court of the State of Delaware, felony crimes punishable by imprisonment for a term exceeding one year.

5. Wilmington Police Officer Parrott stated to your affiant the information in paragraphs 3, and 6-12, information that he received from either the Wilmington Police or State of Delaware Probation Officer with personal knowledge of the events.

6. On October 11, 2007, Wilmington Police Officers attempted to stop Defendant Charles Warren in the 1300 block of E. 28th St. in Wilmington, Delaware as he was unlawfully riding a bicycle at night on a city street without a headlight, a violation of Delaware law. The officers were in police uniform and driving fully marked Wilmington Police cars. Warren disregarded their verbal commands to stop and fled on the bicycle. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of the events in this paragraph.

7. The officers used their cars to block Warren in on Northeast Boulveard and he was again commanded to stop. At that time, he dropped the bicycle and fled on foot. The officers gave chase and caught Warren at the southwest corner of 28th St. and Northeast Blvd. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of the events in this paragraph.

8. Warren violently resisted officers' attempts to place him into custody. At one point, he was in a sitting position and made a movement toward his waistband with his right hand. At that time, an officer deployed a Taser to incapacitate Warren. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of the events in this paragraph.

9. After Warren was placed into custody, he was searched and an officer found a loaded .38 caliber Rossi revolver serial number 075051 in Warren's right front pants pocket. The firearm was loaded with five bullets and one additional bullet was found in a plastic bag in his pocket. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of the events in this paragraph.

10. Warren initially lied about his identity to the officer and after he finally admitted his true identity, he provided a false address. Officers determined that Warren was on state probation and contacted the State of Delaware Probation and Parole Operation Safe Streets Officers. A state probation officer, assisted by Wilmington Police Officers for security, went to the address Warren had previously provided to the Probation and Parole Office as his address of record to conduct an administrative search.

11. Officers were allowed into that residence in Wilmington, Delaware by an adult female who stated to those officers that she lived there with her small child. She stated that Warren lived there as well and had his own bedroom. The probation officer responded to that bedroom. He found an open closet with a shoe box sitting partially in the closet. The probation officer saw that the shoe box contained a state Department of Corrections Plummer Center ID card belonging to Warren. The probation officer also found a large green men's coat in the same closet. Inside one of the pockets of that coat, the probation officer found two plastic bags containing an off-white chunky substance that was later field tested positive for cocaine base and weighed at 28 gross grams (including packaging) by a Wilmington Police Officer. The woman who resided there told the officer that the jacket was Warren's. Your affiant also talked with a Wilmington Police Officer who has personal knowledge of field testing and weighing of the seized cocaine base and confirmed what he told Officer Parrott.

12. A probation officer also saw a black grocery bag containing several small, clear plastic bags on the top shelf of the closet in the living room area of the above-mentioned residence in Wilmington, Delaware.

13. Your affiant observed the seized firearm and from my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the Rossi .38 caliber revolver is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate commerce.

14. From my training and experience I know that the seized cocaine base was possessed with the intent to distribute based on the amount of the seized cocaine base in the two separate baggies, and the separately seized small plastic baggies in the living room closet. I know that such baggies are commonly used by drug distributors to package drugs for distribution.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g)(1) and 924(a)(2), by possessing in and affecting interstate commerce a firearm, after having previously been convicted

3

of a felony crime punishable by imprisonment for a term exceeding one year, and (2) 21 U.S.C. 841(a)(1) and (b)(1)(C), by Possessing with Intent to Distribute a Controlled Substance, Cocaine Base, and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____
Patrick Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this 11th day of October 2007

_____
Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware

4